| | |
|---|---|
| 1 | MICHAEL BARNES (State Bar No. 121314) |
| 2 | MICHELLE BRADLEY (State Bar No. 221323) |
|   | DENTONS US LLP |
| 3 | 525 Market Street, 26th Floor |
|   | San Francisco, California 94105-2708 |
| 4 | Telephone: (415) 882-5000 |
|   | Facsimile: (415) 882-0300 |
| 5 | Email: michael.barnes@dentons.com |
|   | michelle.bradley@dentons.com |
| 6 | Attorneys for Defendant |
| 7 | ALLSTATE INSURANCE COMPANY |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JENNY K. DANIELS AND MARK M. DANIELS, | No. |
| Plaintiffs, | **NOTICE OF REMOVAL OF CIVIL ACTION** |
| vs. | |
| ALLSTATE INSURANCE COMPANY, an Illinois corporation, and DOES 1 through 25, inclusive, | |
| Defendants. | |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. section 1441(a), defendant Allstate Insurance Company hereby removes to this Court the action described below and respectfully submits the following statement of grounds for removal:

## THE SUPERIOR COURT ACTION

1. On or about January 16, 2014, plaintiffs Jenny K. Daniels and Mark M. Daniels commenced in the Santa Cruz County Superior Court an action entitled *Jenny K. Daniels and Mark M. Daniels v. Allstate Insurance Company*, Case No. CV 178512 (the "Superior Court Action").

2. In the Superior Court Action, plaintiffs contend their neighbors, Joyce and Edward Kennedy, previously sued them in the Santa Cruz Superior Court for nuisance, declaratory relief, injunctive relief and damages (the "Underlying Action"). (Complaint, ¶ 8.) The Underlying Action alleged that a retaining wall and two trees on plaintiffs' property were in danger of falling onto the Kennedys' property. (*Id.* at ¶¶ 8-9.) Plaintiffs tendered the Underlying Action to Allstate under Deluxe Homeowners Policy no. 0 67 064603, which insured their home located at 123 Ponderosa Drive in Santa Cruz. (*Id.* at ¶¶ 5, 10.) Plaintiffs contend Allstate improperly refused to defend them in the Underlying Action. (*Id.* at ¶12.) As a result, plaintiffs assert causes of action against Allstate for breach of written contract and breach of implied covenant of good faith and fair dealing, and seek compensatory and punitive damages, prejudgment interest and attorneys' fees. (Complaint, ¶¶ 12, 15; Prayer for Relief, ¶¶ 1-9.)

## SERVICE AND PLEADINGS

3. On January 21, 2014, plaintiffs' counsel mailed a courtesy copy of the complaint to Allstate's counsel, along with a proposed Notice and Acknowledgement of Receipt. On January 24, 2014, Allstate's counsel signed the Notice and Acknowledgement of Receipt on Allstate's behalf and returned it to plaintiffs' counsel. Attached as Exhibit A to this notice are

true and correct copies of all documents Allstate received or generated in connection with the Superior Court Action.

### DIVERSITY OF CITIZENSHIP

4. Plaintiffs were, at the time of filing of the Superior Court Action, now are, and at all relevant times have been, citizens and residents of the State of California. (Complaint, ¶ 1.)

5. Allstate was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in the city of Northbrook, Illinois. (*See* Cal. Dep't. of Ins., available at http://www.insurance.ca.gov (last visited January 24, 2014), Allstate Insurance Company's profile on file with the California Department of Insurance showing that it is a citizen and resident of Northbrook, Illinois; Complaint, caption.)

6. Plaintiffs and Allstate, accordingly, are citizens and residents of different states.

7. "Doe" defendants must be disregarded in determining diversity of citizenship. 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

### AMOUNT IN CONTROVERSY

8. The amount in controversy in the Superior Court Action, exclusive of interest and costs, exceeds the Court's $75,000 jurisdictional minimum.

9. In particular, plaintiffs' counsel's January 2, 2014 letter to Allstate's counsel states that the amount of plaintiffs' claim, exclusive of *Brandt* fees (damages representing attorneys' fees) and punitive damages, exceeds $500,000. (Declaration of Michelle Bradley, ¶ 2, Ex. A.)

### ORIGINAL JURISDICTION

10. The Superior Court Action is a civil action of which this Court would have had original jurisdiction under 28 U.S.C. section 1332, in that plaintiffs and defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. The case is therefore one that Allstate may remove to this Court pursuant to 28 U.S.C. sections 1441 and 1446. The removal is effected less than thirty days after service of

1  the Complaint in the Superior Court Action was effected, in accordance with 28 U.S.C. section
2  1446(b).
3      WHEREFORE, Allstate hereby gives notice that this action has been removed, in its
4  entirety, from the Superior Court of the State of California for the County of Santa Cruz to the
5  United States District Court for the Northern District of California, for further proceedings as
6  though it originally had been instituted in the District Court.

Dated: February 24, 2014                    DENTONS US LLP

                                            By _____
                                               Michelle Bradley

                                            Attorneys for Defendant
                                            ALLSTATE INSURANCE COMPANY