MICHAEL BARNES (State Bar No. 121314)
MICHELLE BRADLEY (State Bar No. 221323)
DENTONS US LLP
525 Market Street, 26th Floor
San Francisco, California 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300
Email: michael.barnes@dentons.com
michelle.bradley@dentons.com

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JENNY K. DANIELS AND MARK M. DANIELS<br><br>Plaintiffs,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY, an Illinois corporation, and DOES 1 through 25, inclusive,<br><br>Defendants. | No.<br><br>**MICHELLE BRADLEY DECLARATION IN SUPPORT OF NOTICE OF REMOVAL OF A CIVIL ACTION** |

I, MICHELLE BRADLEY, declare as follows:

1. I am an associate in the law firm of Dentons US LLP, and licensed to practice law in all the state and federal courts in the State of California. I am one of the attorneys of record for defendant Allstate Insurance Company in the above-captioned action. During my representation of Allstate, I have obtained personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify thereto. I submit this declaration in support of Allstate's Notice of Removal of Civil Action.

2. On January 6, 2014, my office received a January 2, 2014 letter from plaintiffs' counsel, Edward Newman, addressed to my colleague Michael Barnes. A true and correct copy of that letter (without enclosures) is attached as Exhibit A.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 24th day of February 2014, at San Francisco, California.

*/s/ Michelle Bradley*
Michelle Bradley

Case No.  -2-  BRADLEY DECL. I/S/O/ NOTICE OF REMOVAL OF CIVIL ACTION

# EXHIBIT A

# NEWMAN & MARCUS
## A LAW CORPORATION

EDWARD W. NEWMAN  
HOWARD S. MARCUS (1941-1998)

331 Capitola Avenue  
Suite K  
Capitola, California  95010

Telephone: (831) 476-6622  
Telefax:     (831) 476-1422

Edward@nmcllp.com

January 2, 2014

Michael Barnes  
SNR Denton US LLP  
525 Market Street, 26th Floor  
San Francisco, California  94105-2708

Re: **Claim No. 027 838 327 8 NEL**  
**Insureds: Mark M. Daniels and Jenny K. Daniels**  
**Action:** *Kennedy v. Daniels, et al.*  
**Santa Cruz County Superior Court Case No. CV 176241**

Dear Mr. Barnes:

I have been retained by Jenny K. Daniels and Mark M. Daniels to file suit against Allstate Insurance Company for damages for breach of contract and bad faith denial of defense in the above-referenced Santa Cruz County Superior Court action. A draft of the Daniels' proposed complaint is attached. The Daniels' claim as specified below exceeds $500,000, excluding punitive damages, and *Brandt* fees. I am assuming that you still represent Allstate in this matter. If not, please let me know and I will communicate with Allstate directly.

Also attached for your information are copies of the judgment and the proposed statement of decision in the Kennedy lawsuit. After being abandoned by Allstate in the Kennedy matter, the Daniels did not have the financial resources to hire an attorney to defend them. They therefore attempted to manage the case themselves as best they could throughout the entire pretrial process. Ultimately when they were unable to reach a reasonable settlement of the matter, they were forced to invade their retirement funds to have counsel (myself) represent them at the trial. The Kennedys for their part devoted at least $100,000 to the litigation, and ended up with a partial success, primarily because the Daniels lacked the funds to hire the necessary expert witnesses to counteract the opinions of the Kennedys' experts.

The Kennedys ultimately obtained judgment for abatement of nuisance, plus damages of only $8,000, on a claim for $64,000. In addition, their post-trial motion for $63,000 in expert fees and part of their attorneys' fees was denied. The Daniels in the meantime lost a healthy fir tree

Michael Barnes
SNR Denton US LLP
January 2, 2014
Page 2 of 5

which was essential to their enjoyment of their own property and part of its value, and the entire experience has caused them great mental anxiety and distress. All of this could have easily been avoided if Allstate had provided a defense in the case.

With all due respect, your March 22, 2013 letter, written on behalf of Allstate, consists almost entirely of boilerplate citations and platitudes. It reflects that Allstate was completely uninformed about the case and took no effort to understand the Kennedys' claims. As far as we can determine, no representative of Allstate ever visited the site, no one ever reviewed the Kennedys' expert reports, no one ever contacted the Kennedys or their attorney, and no one ever spoke in any depth with the Daniels prior to denying the tender.

The obligation of Allstate with respect to defense and the applicable law in that regard are no doubt familiar to Allstate and require no elaboration at this point. The duty to conduct a full investigation should also come as no surprise to Allstate. Nonetheless, it appears that Allstate chose to handle this matter simply by seizing on a narrow and erroneous interpretation of the four corners of the Kennedy complaint itself, with no attempt to evaluate any extrinsic information.

It is particularly significant that in your six page letter to the Daniels, by which Allstate explains its perfunctory decision not to defend the Daniels in the Kennedy lawsuit, you cite 34 California judicial decisions, **not one of which involved a nuisance cause of action**, and most of which did not even involve a homeowner's insurance policy. As discussed below, Allstate's reasons for abandoning the Daniels in the Kennedy matter are all specious.

The first reason Allstate gives for refusing to defend the Daniels is the purported absence of "an occurrence", meaning an "accident". Allstate cites a string of cases to the effect that intentional or deliberate conduct is not accidental, and asserts without authority that the gradual deterioration of a wall over time could never be an accident. Daniels disagree. The definition of accident in California in the insurance liability context is "an unexpected, unforeseen or undersigned happening or consequence from either a known or unknown cause".  *Delgado v. Inner Insurance Exchange Automobile Club of Southern California* (2009) 47 Cal.4th 302, 308. It is settled that an accident does not need to be a sudden event, but can occur over time, as did the nuisances Kennedy allege in the their complaint. In fact, the policy language itself in this case negates any requirement of a sudden event, providing that "accident" includes any continuous or repeated exposure to a harmful condition. The California Supreme Court has observed that "many accidents occur when a policyholder negligently delays taking steps to eliminate a remote risk of harm, such as when an auto driver negligently delays replacing his tires, resulting in an auto accident, or **a homeowner puts off cutting down an aging tree** which he knows could be blown over and cause damage in an extraordinarily heavy windstorm [emphasis added] … ". *State of California v. Allstate Insurance Company* (2009) 45 Cal.4th 1008-1028. Allstate

Michael Barnes
SNR Denton US LLP
January 2, 2014
Page 3 of 5

has pointed to no case in which the failure of a homeowner to abate a potential nuisance has been deemed to not be an occurrence in the liability context.

In this case, the most cursory investigation by Allstate would have shown that both the retaining wall and the trees in question were extant when Daniels purchased their home. They did not build the wall or plant the trees. They did not even realize that the wall existed until just prior to the lawsuit. During the 20 years after Daniels purchased their home, the trees in question grew to a point that they in Kennedys' opinion constituted a nuisance. Daniels did not intentionally or deliberately cause the trees to grow, and all the cases cited by Allstate involving physical assault or other intentional actions are simply not germane.

Allstate's second theory for abandoning the Daniels, equally unreasonable, is that the Kennedys' complaint alleges no "property damage" or "bodily injury", as required by the policy. In fact, the trial judge specifically found, and Allstate could have easily recognized itself had it done any investigation, that Kennedys did experience some physical injury to their property from the deterioration of the retaining wall, as well as loss of use, which is specifically referenced in the definition of "property damage" in the policy.

But aside from property damage, Kennedys' lawsuit manifestly included claims for "bodily injury" within the policy. Ignoring completely the law and the realities of a nuisance claim, Allstate cites a line of cases holding that commercial liability policies do not cover general emotional distress damages that flow from business torts, with the leading such case being *Waller v. Truck Ins. Exchange, Inc.* (1995) 11 Cal.4th 1, 23. These cases are simply not relevant. Daniels had a homeowner's policy, not a commercial liability policy, and Kennedys' lawsuit was not based on business torts or economic losses, but was for nuisance. The Kennedys' claim for specific nuisance damages in the nature of discomfort and annoyance are not general emotional distress damages flowing from an economic loss. Allstate has failed to cite any case law or other authority or fashion any argument to suggest that it had any appreciation of this distinction.

The basic nuisance statute, Civil Code §3479, which is conspicuously absent from Allstate's analysis in its denial letter, refers to anything which is **injurious to health** or indecent or offensive to the senses, so as to interfere with the comfortable enjoyment of life or property. The damages a plaintiff may claim in a nuisance case are not merely emotional distress flowing from an economic loss, which is what Allstate's cases address, but are specifically authorized by statute, and are distinct from general damages for mental and emotional distress. That distinction is in fact expressly set out in paragraph 23 of Kennedys' complaint, where they allege damages, including but not limited to lost use and enjoyment of their property, discomfort, annoyance, and mental and emotional distress. If this is not sufficiently clear to Allstate, it is explained in California Jurisprudence 3d at 43 Cal.Jur.3d Nuisances §79:

Michael Barnes
SNR Denton US LLP
January 2, 2014
Page 4 of 5

> Annoyance and discomfort damages are distinct from general damages for mental and emotional distress. Annoyance and discomfort damages are intended to compensate a plaintiff for the loss of his or her peaceful occupation and enjoyment of the property. Annoyance and discomfort by their very nature include a mental or emotional component, and in some dictionary definitions of these terms include the concept of distress. Nevertheless, the annoyance and discomfort for which damages may be recovered on nuisance claims generally refers to distress arising out of **physical discomfort**, irritation, or inconvenience caused by odors, pests, noise, and the like. [emphasis added]. See also *Kelly v. CBNI Construction, Inc.* (2009) 179 Cal.App. 4th 442.

The Judicial Council of California Civil Jury Instructions No. 2031 provides a specific damage instruction for annoyance and discomfort in trespass or nuisance cases, completely separate from the general emotional distress damage instructions.

In short, Kennedys alleged and proved damages for annoyance and discomfort, which are distinct from general damages for mental or emotional distress, and constitute bodily injury under the terms of the policy. Allstate has cited no law to the contrary, and completely failed to appreciate the distinction between general and emotional damages flowing from an economic tort and nuisance damages for annoyance and discomfort. Allstate's rationale for abandoning its insured was based on an inexcusable failure to understand the claim and failure to inform itself on the facts and the law.

Allstate's final excuse for its abandonment, namely, that the policy does not cover damages to Kennedys' own property, makes no sense and deserves little discussion. Daniels requested help in defending a lawsuit filed by Kennedys; they have never claimed damages to their own property. As discussed above, the damages alleged in this case include property damage, loss of use, and physical injury allegedly suffered by Kennedys with respect to their own property.

Allstate's decision in this matter could be justified only if the Kennedys' lawsuit could by no conceivable theory have raised a single issue which could bring it within the policy coverage. That is settled law in California. It is also well established that any doubt as to whether the facts could give rise to a duty to defend must be resolved in Daniels' favor. Facts extrinsic to the complaint give rise to a duty to defend when they reveal a possibility that the claim may be covered by the policy.

In this case, rather than investigate the claim and educate itself as to the characteristics of a nuisance lawsuit, Allstate chose to issue a perfunctory denial and abandon Daniels to fend for themselves. As a result, Daniels have incurred estimated losses to date as follows:

Michael Barnes
SNR Denton US LLP
January 2, 2014
Page 5 of 5

| | |
|---|---|
| Legal Fees to defend the Kennedy lawsuit | $ 40,000 |
| Court costs and discovery sanctions to Kennedys | $  9,000 |
| Damages to Kennedys | $  8,000 |
| Diminution in value to Daniels' property | $ 50,000 |
| Emotional Distress Jenny Daniels | $200,000 |
| Emotional Distress Mark Daniels | $200,000 |
| TOTAL: | *$507,000* |

The foregoing figures do not include possible punitive damages. Nor do they include Daniels' legal fees required to litigate Allstate's wrongful denial.

Please let us know whether Allstate has any interest in discussing a resolution of this matter without litigation, either by direct discussions or with the assistance of a neutral mediator. If Allstate has no such interest, Daniels will proceed accordingly.

Sincerely,

**EDWARD W. NEWMAN**
**Attorney at Law**

EWN:djs
Enclosures